IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| CHRISTOPHER KNIGHTS,<br><br>　　　　　Petitioner,<br><br>v.<br><br>MICHAEL ASTRUE,<br>Commissioner of the<br>Social Security Administration,<br><br>　　　　　Respondent.<br>_____ | Case No. CV 07-00416-CWD<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

　　　　The Court has before it Petitioner's Motion for EAJA Attorney Fees (Docket No. 26). Having reviewed the parties' briefing, as well as the record in this action, the Court has determined that oral argument on the motion is not necessary. Dist. Idaho Loc. Civ. R. 7.1(d)(2). The Court finds, as more fully explained below, that Petitioner's Motion for EAJA attorney fees will be granted in part and denied in part.

**I.
Discussion**

　　　　Petitioner Christopher Knights ("Knights") initiated this action on October 5, 2007, seeking judicial review of the Commissioner's decision denying Knights' claim for social security disability benefits. (Docket No. 4.) The Court granted Knights' petition for review and

**MEMORANDUM DECISION AND ORDER - 1**

remanded the matter for further proceedings. (Mem. Decision & Order p. 24, Docket No. 23.) The remand was a "sentence four" remand consistent with 42 U.S.C. 405(g) and *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). (Mem. Decision & Order p. 25, Docket No. 23.)

Between September of 2007 and March of 2009, Knights' counsel spent 36.23 hours and his paralegal spent 4.87 hours on Knight's petition, which time is the basis for the pending claim for attorney fees in the amount of $6,523.90. (Mem. in Supp. pp. 6-7, Docket No. 27.) Pursuant to the Equal Access to Justice Act ("EAJA"), a "court shall award to a prevailing party fees and other expenses, in addition to any costs incurred by that party in any civil action including proceedings for judicial review of agency action, unless the court finds that the position of the United States was justified or that special circumstances make an award unjust." 28 U.S.C.A. § 2412(d)(1)(A). Counsel for the prevailing party should make a good faith effort to exclude fee hours that are "excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice is ethically obligated to exclude such hours from his fee submission." *Id.* Ultimately, the Court has discretion in the determination of a reasonable claim for attorney fees. *See Pierce v. Underwood*, 487 U.S. 552, 571 (1988).

The Commissioner concedes that Knights is the prevailing party in this litigation. (Reply Mem. p. 2, Docket No. 29.) However, the Commissioner contends the time expended by Knights' counsel is excessive due to the lack of complexity of the issues and the length of the record, and asks the Court to allow fees for only 37 hours of work. Therefore, the issue presented to the Court is whether the amount requested in Knights' request for attorney fees under the EAJA is reasonable.

Based on the Court's experience and review of recent EAJA applications in similar cases,

**MEMORANDUM DECISION AND ORDER - 2**

the Court agrees with the Commissioner and finds that the fees requested by Knights are excessive. Thus, the Court will exercise its discretion in this matter and reduce the fee requested, $6,523.90, by 10% and award attorney fees to Knights in the amount of $5,871.51.

## ORDER

Based upon the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED** that:

1) Petitioner's Motion for EAJA Attorney Fees (Docket No. 26) is **GRANTED IN PART AND DENIED IN PART**. The award of attorney fees for Petitioner is in the amount of $5,871.51.



DATED: October 5, 2009

Honorable Candy W. Dale
Chief United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 3**